IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**JAMAR BILLINGSLEY,**
    Plaintiff,

v.

**AMAZON DATA SERVICES, INC,**
    Defendant,                **CASE NO: 1:21-CV-281-LO-MSN**

## ORDER

**Introduction**

    This matter comes before the Court on the Defendant's Motion for Summary Judgment. *See* Dkt. 35. The matter has been fully briefed by the parties and is ripe for decision. For the reasons stated below, the Defendant's Motion for Summary Judgment is **GRANTED**, and the Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**Background**

    The Plaintiff, Jamar Billingsley ("Billingsley"), is an African American male and resident of Virginia. Dkt. 15 at 1, 3. The Defendant, Amazon Data Services, Inc. ("Amazon"), is a corporation with its principal place of business in Seattle, Washington. *Id.* at 2. Amazon has a wide variety of business operations. Dkt. 12 at 2. Billingsley was hired by Amazon in 2017 and is still currently employed with Amazon. Dkt. 15 at 3. In 2018, Billingsley worked as a Data Decommissioning Tech with responsibilities that involve Amazon's computer networks. Dkt. 36

at 2. During this time, Billingsley began to work under a new manager, Bryan Pandolfi-Malone ("Malone").[1] Dkt. 15 at 3.

It is Billingsley's belief that Malone discriminated against Billingsley because of his race. *Id.* at 4. Billingsley generally alleges Malone's behavior towards Billingsley was loud, aggressive and threatening. *Id.* 15. In the complaint, depositions and supporting memorandum Billingsley has extensively described two incidents between himself and Malone that he characterizes as discriminatory.[2]

Billingsley alleges that he did not receive a promotion and was not hired for several jobs within Amazon because of interference from Malone. Dkt 15 at 7. Billingsley argues that he is qualified for these jobs based on his education and experience, accordingly he argues he should have received them.[3] Dkt. 39 at 8, 9, 10. Billingsley asserts that he was either not offered the positions or offered the positions at a lower rate of pay because of the discriminatory actions of Malone or the general discrimination of Amazon. *Id.*

Based on these accusations, Billingsley argues he was discriminated against and has filed a complaint with counts of 1) Failure to promote, 2) Retaliation and 3)Hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

---

[1] Malone is a former United States Army Sergeant who began working for Amazon around 2015. Dkt. 39-1 at 221.
[2] Billingsley alleges an incident occurred where Malone yelled at him and followed him from a building (Dkt. 15 at 4 ¶ 37) and another incident where Malone forcefully shut Billingsley's laptop (Dkt. 15 at 6 ¶ 56)
[3] Billingsley has an associate, bachelors, and master's degree. He has a Commercial Driver's License. He also states he has logistics experience prior to joining Amazon. Dkt. 39-1 at 190.

**Legal Standard**

Summary judgment will be granted when, viewing the facts in light most favorable to the non-moving party, there remains no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Marlow v. Chesterfield Cty. Sch. Bd.*, 749 F. Supp. 2d 417, 426 (E.D. Va. 2010). A party opposing a motion for summary judgment must respond with specific facts, supported by proper documentary evidence, showing that a genuine dispute of material fact exists, and that summary judgment should not be granted in favor of the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Supreme Court has held, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003) (quoting *Anderson*, 477 U.S. at 247-248). "It is the responsibility of the party seeking summary judgment to inform the court of the basis for its motion, and to identify the parts of the record which it believes demonstrate the absence of a genuine issue of material fact." *Hyatt v. Avco. Fin. Servs. Mgmt. Co.*, 2000 U.S. Dist. Lexis 13645, at 11 (E.D. Va. March 2, 2000) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *aff'd*, 22 F. App'x 81 (4th Cir. 2000).

**Discussion**

**1. There is no direct evidence of discrimination**

As Amazon has correctly pointed out in its brief, "Plaintiff has presented no direct evidence of discrimination." Dkt. 36 at 5. Amazon has argued that "A self-serving opinion… cannot, absent objective corroboration defeat summary judgment." *Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004). The Court finds this reasoning persuasive. In his deposition

3

testimony Billingsley states that he and Malone "… never talked about race." Dkt. 29-1 at 487. Billingsley has not pointed to any evidence that would give rise to a direct inference of discrimination on the part of Malone or Amazon. Billingsley's perception of his alleged treatment from Malone is not sufficient to create a genuine issue of material fact that would defeat summary judgment.

### 2. There is not sufficient evidence that is required to state a *prima facie* case of discrimination

Without direct evidence of discrimination, a plaintiff can still demonstrate discrimination under the burden shifting framework of *McDonnell Douglas Corp. v. Green*. 411 U.S. 792 (1973); *see also Hyatt*, 2000 U.S. Dist. Lexis 13645, at 15. ("If such direct evidence is lacking, a plaintiff must proceed with indirect evidence pursuant to the three-part framework…") Under this framework a plaintiff may show (1) he was the member of a protected class; (2) he applied for the position in question; (3) he was qualified and (4) he was rejected under circumstances giving rise to an inference of unlawful discrimination. *Harris v. Rumsfeld*, 428 F. Supp. 2d 460, 466 (E.D. Va. 2006). The Plaintiff points to no evidence that demonstrates the third and fourth requirement of a *prima facie* case of discrimination.[4]

Billingsley argues he was either qualified for promotion or qualified to be hired at other positions within Amazon. Dkt. 36-5 at 4. However, Billingsley's "naked opinion" that he was qualified does not lay the foundation for the *prima facie* case. *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1987) (Employer correctly granted summary judgment against employee in an age discrimination case). In his deposition testimony Billingsley asserts he is qualified. Dkt. 29-1 at 281. The Plaintiff's own testimony does not create a factual basis to deny summary

---

[4] Amazon has conceded that Billingsley effectively "expressed interest in being promoted." Dkt. 36 at 6.

judgment. *Goldberg*, 836 F.2d 845, 848. Furthermore, Amazon correctly points to *Byrd-Hedgepeth v. Capital One Services, LLC*, to argue that the Court should look at "criteria that the employer has established" to evaluate a plaintiff's claims about qualification. 2020 U.S. Dist. Lexis 182363 (E.D. Va. Sept. 30, 2020) (*quoting Harris*, 428 F. Supp. 2d 460, 466). In his opposing memorandum, Billingsley has pointed to the deposition of Malone to show that "Defendant has produced no disciplinary record, write ups or other records evidencing Plaintiff's poor performance."[5] Dkt. 39-1. This assertion confuses the issue. Amazon is not required to show that Billingsley is unqualified. Instead, Billingsley is required to use factual evidence to show that "[he] was the better qualified candidate for the position sought." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) (summary judgment correctly granted for an employer in a failure to promote case when the employee only had "unsubstantiated allegations and bald assertions" to show her qualifications) (citing *Gairola v. Virginia Dep't of Gen. Servs.*, 753 F.2d 1281, 1287 (4th Cir. 1985). Billingsley has not directed the Court to any factual evidence that he was qualified for promotion under Amazon's standards. Further Billingsley's perception of his own qualifications is not relevant to the inquiry. *DeJarnette v. Corning, Inc.*, 133. F.3d 293, 299 (4th Cir. 1998) ("it is the perception of the decision maker which is relevant.") (quoting *Evans*, 80 F.3d at 960-1); *Watson v. Fairfax Cty.*, 297 F. Supp. 3d 591, 603 (E.D. Va. 2018). Billingsley has not shown there is a genuine dispute regarding the material facts of his qualifications.

It is unclear from the Plaintiff's memorandum or complaint what—if any—factual information is meant to show that an alleged rejection could be attributed to discriminatory action as required under *McDonnell Douglas*. 411 U.S. 792. In his brief, Billingsley asserts that

---

[5] Malone's deposition appears to show Amazon considers promotion based only on performance at the company. Dkt. 39-1 at 226.

non-African American employees were not subject to the same aggressive behavior that Billingsley attributes to Malone.[6] Dkt. 39 at 3. Billingsley also repeatedly asserts he is the only African American working under Malone.[7] *Id.* These assertions only reflect Billingsley's "subjective beliefs" and they are not evidence that "...create a genuine issue of material fact as to any discriminatory conduct..." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 135 (4th Cir 2002) (affirming summary judgment for an employer in a discrimination case when racism was alleged only in affidavits) (citing *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("unsupported speculation, such as this, is not enough to defeat a summary judgment motion") (citations omitted)). Billingsley has not pointed to any material that creates a genuine factual dispute that an alleged failure to promote may have been based on discriminatory action.[8]

### 3. Amazon has shown a legitimate reason for not promoting Billingsley

If the Plaintiff could demonstrate a *prima facie* case of discrimination, the burden would shift to the Defendant to provide a legitimate non-discriminatory reason for taking adverse employment actions (such as failing to promote). *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Amazon has met this burden. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993) (citing *Burdine*, 450 U.S. 248). Amazon points to the Malone deposition that states opportunities were created for Billingsley and he did not perform

---

[6] The Plaintiff's memorandum references a three-minute section of Billingsley's deposition. It's unclear which of his own statements is referred to that support these allegations. Dkt. 39-1 at 383-386.

[7] There appears to be a distinction Billingsley makes between ethnicity and nationality. During his deposition, Billingsley is asked about six different individuals who work under Malone. When asked about their race he says they're African. At one point he answers a question about his co-worker's race: "He's not African American. Another foreigner, another African. Not African American. I'm not – I'm African American so those people [are] not the same as me. So, I don't know. What I'm trying to tell you is they're not my race." Dkt. 39-1 at 327-336.

[8] Additionally, Amazon argues there was not actually a "rejection", rather Billingsley had just not been promoted yet. Dkt. 36-7.

6

them to an acceptable standard. Dkt. 36 at 7; Dkt. 39-1 at 237. Amazon points to evidence in this deposition that show Malone intended to eventually promote Billingsley and that he supported Billingsley being transferred. Dkt. 36-3.[9] Amazon has presented enough admissible evidence to meet the burden of production that could rebut a presumption of discrimination. *Burdine*, 420 U.S. at 254-55.

### 4. Plaintiff has no evidence of pretext

If a defendant has met their burden of production under *McDonnell Douglas*, the plaintiff employee must establish that the defendant's actions were pretext for discrimination for the claim to survive a motion for summary judgment. *Id.* at 252-53; *Okoli v. City of Baltimore*, 648 F.3d 216, 230-231 (4th Cir. 2011); *Ballinger v. North Carolina Agr. Ext. Ser*, 815 F.2d 1001, 1005 (4th Cir. 1987). "A plaintiff alleging a failure to promote can prove pretext by showing that he was better qualified, or by amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006) (references omitted). Amazon has argued—and the Court agrees—that Billingsley has not produced any evidence that could establish Amazon's reason for not promoting Billingsley was pretextual.

Billingsley argues that because two non-African American employees were hired at the same time and were promoted before Billingsley there is evidence of pretext. Dkt. 39 at 13. Billingsley then argues that his own deposition testimony shows he was more qualified than the non-African American employees.[10] Dkt. 39 at 13. The sparse exposition of factual matter

---

[9] The discovery in this matter has been presented to the Court by both parties as different excerpts. Dkt. 36-3 and Exhibit 4 within Dkt. 39-1 are both incomplete transcripts of the deposition of Mr. Malone.

[10] It is again uncertain what statement Billingsley believe supports this proposition as it is not clearly indicated in his memorandum in the Opposition to the Motion to Dismiss. His

7

presented by Billingsley does not begin to suggest that Billingsley was better qualified than the other employees. Even if Billingsley's assertion that these other employees had a "colored disciplinary record"[11] were true, it is not shown anywhere that this disciplinary record affects the criteria for promotion. *Id.* Additionally, the singular fact that two individuals of a different race were promoted does not support a proper inference of racial discrimination. *Ali v. BG Architects Eng'rs, PLC*, 832 Fed. Appx. 167, 171 (4th Cir. 2020). Billingsley has not established a factual basis that could challenge the non-discriminatory reasons Amazon has plausibly established for not promoting Billingsley.

For these reasons, there is no genuine issue of material fact that would warrant denying the Motion for Summary Judgment on claims of failure to promote.

### 5. There is no issue of genuine fact raised by the claim for retaliation.

For a claim of retaliation, a Plaintiff must demonstrate (1) he engaged in a protected activity, (2) he suffered an adverse action and (3) there is a causal connection between the activity and adverse action. *McNairn v. Sullivan*, 929 F.2d 974, 980 (4th Cir. 1991). Billingsley has argued he engaged in protected activity because he reported Malone to Amazon's human resource department ("HR"). Dkt. 39-1 at 419 (In Billingsley's deposition he states that "...I wouldn't send this stuff, forward this stuff to HR and stuff for no reason. I've been telling them he's blackmailing me, he's racist.") There is not any factual evidence put forward by Billingsley that shows Malone had knowledge of this complaint, beside an inference that Malone must know

---

deposition never discusses the qualifications of other individuals who received promotions.
[11] Dkt. 39 at 13.

8

about the human resources complaint "because [the HR representative] and Bryan talk."[12] Dkt. 39-1 at 420 (Billingsley goes on to say "...every time I'm dealing with something whether even reporting my own boss, he–they still talk to him."). Further, the deposition testimony of Malone appears to indicate that there was no knowledge of Billingsley's report to Amazon's HR. Dkt. 39-1 at 241. Even an incredibly generous inference could not allow a reasonable determination that there is a causal connection between protected activity (if it had occurred) and an adverse action (if it had happened).

The claim for retaliation is also analyzed under the *McDonnell Douglas* burden shifting framework. *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007). For the same reasons discussed above, Billingsley has not established a *prima facie* case of discrimination. Billingsley has also not presented evidence to show that an action on Amazon's behalf was pretextual.

There have not been sufficient factual materials presented to demonstrate the elements required for retaliation exist. For these reasons there is no issue of material fact that would counsel the Court to decline to grant Summary Judgment against the claims for retaliation.

6. **There is no issue of material fact for the hostile work environment claim.**

The Fourth Circuit has established that claims for a hostile work environment require proof that the behavior in question is "sufficiently severe or pervasive to alter conditions of the victim's employment and create an abusive working environment." *Ocheltree v. Scollon Prods.*, 335 F.3d 325, 338 (4th Cir. 2003) (quoting *Meritor Savs. Bank, FSB v Vinson*, 477 U.S. 57 (1986)). The "severe or pervasive element has both subjective and objective components." *Id.*

---

[12] The discovery presented to the Court also contains a deposition of the Amazon human resources representative who appeared to help Billingsley with his complaints about Malone. This deposition states that Billingsley did not mention race when he made his complaints about Malone. Dkt. 39-1 at 732.

9

(quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)). The Fourth Circuit has noted in some cases that "Title VII does not guarantee a happy workplace, only one free from unlawful discrimination." *Hartsell v. Duplex Prods*, 123 F.3d 766, 773 (4th Cir. 1997). The Fourth Circuit has also found that there is not a hostile work environment when the supervisor is "unpleasant and sometimes cruel." *Beal v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997) (quoting *Hartsell*, 123 F.3d 766).

Billingsley has pointed to a *de minimis* amount of factual evidence that demonstrates that the alleged hostility of his working environment was "severe or pervasive." As discussed above, Billingsley has described two specific interactions with his manager, and he also has generally asserted he felt uncomfortable about aggressive behavior. Dkt 39-1 at 16. However, even these assertions seem contradicted by Billingsley's own recorded messages to Malone that state "I have no problem working under you, but I need level 4 because I have earned it."[13] Dkt. 39-1 at 134. There is no factual basis presented by the Plaintiff from which the Court could plausibly find a severe and pervasive hostile work environment objectively existed. Looking at the few facts that are presented by Billingsley in a favorable light, Malone might be "unpleasant and sometimes cruel" but this is not the level of abuse that is required to prove a hostile work environment exists. *Beal*, 130 F.3d at 620. For these reasons, there is no genuine dispute to an issue of material fact regarding the claims for a hostile work environment.

**Conclusion**

For the reasons discussed above, there have not been sufficient material facts described or cited that would support discrimination, indirect evidence of discrimination under *McDonnell*

---

[13] This message on March 25, 2020 appears to be on a Chime messenger application which appears to be a method Amazon employees can use to communicate electronically.

*Douglas*, retaliation, or a hostile work environment. The non-movant has not raised any genuine issue of material fact that would indicate Summary Judgment should not be granted. For this reason, the Defendant's Motion for Summary Judgment is **GRANTED**. The Plaintiff's Cause of Action is **DISMISSED** with prejudice.

IT IS **SO ORDERED**.

September 23, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge